STATE DIVISION OF HUMAN RIGHTS, Petitioner, v. THOMAS MCGINNIS, Respondent.— Order of enforcement granted, without costs. All concur, except Witmer and Henry, JJ., who dissent and vote to dismiss the petition, in the following memorandum: In this special proceeding brought pursuant to section 298 of the Executive Law petitioner prays for an order enforcing a provision of a Division order which directed respondent to pay compensatory damages of $500 to complainant. We have jurisdiction of the proceeding and are empowered to enforce, modify and enforce as modified, or set aside the order of the Commissioner (*Matter of State Div. of Human Rights* v. *Lupino*, 35 A D 2d 107, 108; *Matter of State Div. of Human Rights* v. *Employers-Commercial Union Ins. Group*, 33 A D 2d 273, 276). Although the Commissioner properly concluded that McGinnis committed an unlawful discriminatory practice in refusing to rent an apartment to complainant, there is no evidence to support his finding that as a consequence thereof complainant became aggrieved, suffered humiliation and mental anguish and was thereby damaged. Complainant did

not testify that he suffered humiliation and mental anguish but in answer to a question asking if he felt humiliated he testified: "Well actually I have known Tom for a little while and I really don't think that deep down inside he wanted to refuse me. * * * Let's say I don't think that he is that type of fellow, I don't know." He suffered no loss of earnings. Although the quantum of proof supporting an award of compensatory damages should not be limited by the standards ordinarily used in common-law actions (*Italiano* v. *State Div. of Human Rights*, 37 A D 2d 1009), some probative evidence of actual damage is required. (*Matter of Moskal* v. *State Div. of Human Rights*, 36 A D 2d 46; *Ernsteins* v. *State Div. of Human Rights*, 35 A D 2d 599.) In this case there being no proof of damage, the petition for an enforcement order should be dismissed. (Application to enforce Division order pursuant to Executive Law, § 289.) Present — Goldman, P. J., Marsh, Witmer, Cardamone and Henry, JJ.